OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Nichols.
[Cite as Disciplinary Counsel v. Nichols (1993),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Suspended six-month
     suspension with conditions to be served consecutively to
     earlier imposed sanctions for actions treated as a
     continuation of an earlier disciplinary proceeding --
     Neglect of an entrusted legal matter.
     (No. 92-1324 -- Submitted January 5, 1993  -- Decided
March 17, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 90-73.
     In an amended complaint filed on November 21, 1991,
relator, Office of Disciplinary Counsel, charged respondent,
LeRoy Alvin Nichols, Attorney Registration No. 0015743, with
misconduct involving, inter alia, four violations of DR
6-101(A)(3) (neglecting an entrusted legal matter).  A panel of
the Board of Commissioners on Grievances and Discipline of the
Supreme Court heard the matter on January 24, 1992.  At that
time, respondent was practicing law pursuant to Columbus Bar
Assn. v. Nichols (1991), 61 Ohio St.3d 546, 575 N.E.2d 799, in
which he was given a one-year suspension for neglecting clients
during 1988 and 1989, but was permitted to practice on the
condition that he commit no further misconduct during a
two-year monitored probation period.
     The panel found one instance of neglect based on the
testimony of Elmer D. Johnson, who retained respondent in
December 1987 to challenge his wife's, Sandra K. Johnson's,
discharge from employment.  Mr. Johnson had been warned that
the statute of limitations for this action was about to expire,
so he asked respondent to file a complaint by January 15,
1988.  Respondent agreed, but did not file the complaint until
February 26, 1988.  Respondent claimed that Johnson had
misunderstood him, but the panel credited Johnson's testimony.
The Johnsons' action was later dismissed, based on two motions
to which respondent did not reply, because the statute of
limitations had run.
     The panel found a second instance of misconduct based on

the testimony of a bankruptcy trustee's paralegal, who said that after filing a petition in bankruptcy for Teresa C. Fown on August 9, 1990, respondent came unprepared for one creditor hearing and missed another. It appears respondent did not respond to Fown's concerns about calls from her creditors.

The third charge of misconduct was substantiated by Niaomi A. Phillips, a missionary stationed in the Phillipines. Phillips said that respondent prepared, but subsequently misplaced the original will of her father-in-law, Erwin William Phillips, who died in 1989. As a result, respondent could not probate the Phillips' estate as promised.

The panel found a fourth instance of misconduct based on the testimony of William G. Jewett, who said that respondent promised to send a certified letter to Jewett's former employer and to provide Jewett with a copy. Respondent apparently sent the letter, but not by certified mail, and he never provided the copy.

Before recommending a sanction for his misconduct, the panel considered that respondent had a history of mental illness and that these violations of DR 6-101(A)(3) occurred about the same time as respondent's earlier neglect, which had been caused, in some measure, by severe depression. Columbus Bar Assn. v. Nichols, supra, at 548, 575 N.E. 2d at 800. Thus, the panel did not conclude that respondent had violated the conditions of his probation, but that he deserved a separate penalty commensurate with the misconduct charged in the instant complaint. The panel recommended that respondent be suspended from the practice of law for six months. The board adopted the panel's findings and its recommendation.

J. Warren Bettis, Disciplinary Counsel, and Dianna L. Chesley, Assistant Disciplinary Counsel, for relator.

Donald H. Rathbun, for respondent.

Per Curiam. We agree that respondent committed the additional misconduct found by the board. However, we believe these four instances of neglect to be related to those we considered in Columbus Bar Assn. v. Nichols, supra, which were attributable to respondent's severe depression, now controlled through medication. Accordingly, we treat this as a continuation of the earlier case and, to appropriately sanction respondent for all his misconduct, we augment his initial penalty by imposing an additional six-month suspension, to be served consecutively, from the practice of law in Ohio. This sanction is also suspended, however, on the condition that respondent complete a third year of monitored probation during which he must comply with the Code of Professional Responsibility and the Supreme Court Rules for the Government of the Bar of Ohio. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would order a six-month suspension without a stay of execution.